IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00612-RJC-DSC

| | |
|---|---|
| JOHN MATTHEW YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AHERN RENTALS INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss or Transfer Venue" (document #2) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration.

Accepting the factual allegations of the Complaint as true, Plaintiff is a North Carolina resident. He was employed as a sales representative by Defendant, a Nevada corporation. The parties executed a "Non-Competition, Non-Solicitation, and Non-Disclosure Agreement". The Agreement contains a forum selection clause as follows:

> 8.1 <u>This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada, without giving effect to its choice of law provisions. Any and all disputes arising from the Agreement shall be heard and resolved solely and exclusively by a Court in the State of Nevada.</u> Employee expressly consents and agrees to personal jurisdiction in Clark County, Nevada and hereby waives any claim that Clark County, Nevada is an inconvenient forum and any claim that an action or proceeding arising out of or relating to this Agreement and commenced in the aforementioned court lacks proper venue.

Exhibit A to Complaint § 8.1 (document #1-2) (emphasis added).

On October 7, 2021, Plaintiff filed this action in Mecklenburg County Superior Court. He seeks a declaratory judgment that the Agreement is unenforceable and that his employment with non-party EquipmentShare does not violate the Agreement. Plaintiff also seeks an injunction barring Defendant from interfering with his employment and asserts claims for tortious interference with business relations and unfair and deceptive trade practices.

On November 10, 2021, Defendant removed the state court action to the United States District Court for the Western District of North Carolina asserting diversity of citizenship subject matter jurisdiction. Removal has not been challenged and appears proper.

That same day, Defendant filed an action in the District Court of Clark County, Nevada, asserting claims for (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) conversion, (4) violation of the Nevada Trade Secrets Act – Misappropriation, and (5) injunctive relief. Those claims arise from the same dispute that forms the basis of Plaintiff's claims here.

On November 12, 2021, Defendant filed its "Motion to Dismiss or Transfer Venue" (document #2). In a "Supplement…" filed December 14, 2021, Defendant represents that Plaintiff removed the Nevada action to the United States District Court for District of Nevada on December 13, 2021. (document #19). Accordingly, Defendant now seeks transfer of this case to the District of Nevada rather than dismissal.

Notwithstanding this unambiguous forum selection clause, Plaintiff maintains that Nevada would be an inconvenient forum under 28 U.S.C. § 1404(a).

A forum-selection clause agreed upon by the parties "represents the parties' agreement as to the most proper forum" and "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Atl.

Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S.Ct. 568, 581 (2013). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Id. The party opposing the forum-selection clause bears the burden of showing that enforcement of the clause is unwarranted. Id. "[C]ourts enforce forum selection clauses unless it would be unreasonable to do so…." BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018).

Plaintiff has failed to carry his burden of showing that the forum selection clause should not apply here. For those and the other reasons stated in Defendant's briefs, the undersigned recommends that the Motion be granted.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss or Transfer Venue" (document #2) be **GRANTED** and this matter be **TRANSFERRED** to the United States District Court for the District of Nevada.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page

v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: January 26, 2022

David S. Cayer
United States Magistrate Judge